**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| CHARMAIN RONIGER, | ) | CASE NO. 1:09CV3025 |
| PLAINTIFF, | ) ) | |
| v. | ) ) | MAGISTRATE JUDGE GREG WHITE |
| COMMISSIONER OF THE SOCIAL SECURITY ADMIN. | ) ) ) | |
| DEFENDANT. | ) | ORDER |

On April 26, 2012, Charmain Roniger ("Plaintiff"), through counsel Marcia W. Margolius ("Margolius"), filed a Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b)(1). (ECF No. 24.) On May 1, 2012, the Commissioner of Social Security ("Commissioner") filed a response indicating that he would not be objecting (ECF No. 25.)

### I. Procedural History

On October 1, 2010, this Court vacated the Commissioner's prior decision and remanded the matter for further proceedings consistent with the Court's opinion. (ECF Nos. 19-20.) On November 4, 2010, Plaintiff filed a timely application for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF No. 21.) December 9, 2010, the Court granted Plaintiff's motion for attorney fees pursuant to the EAJA in the amount of $1,943.75.[1]

---

[1] The Commissioner did not oppose this amount. (ECF No. 22.) The $1,943.75 represented 15.55 hours of work – a rate of $125. (ECF No. 21.)

(ECF No. 23.) Upon remand, the Social Security Administration determined that Plaintiff was disabled and was entitled to benefits as of August 2007. (ECF No. 24-1.)

## II. Law

Pursuant to 42 U.S.C. § 406(b):

(b) Fees for representation before court.

(1) (A) Whenever a court renders a judgment favorable to a claimant under this title [42 USCS §§ 401 et seq.] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 205(i) [42 USCS § 405(i)], but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

(B) For purposes of this paragraph--

(i) the term "past-due benefits" excludes any benefits with respect to which payment has been continued pursuant to subsection (g) or (h) of section 223 [42 USCS § 423], and

(ii) amounts of past-due benefits shall be determined before any applicable reduction under section 1127(a) [42 USCS § 1320a-6(a)].

(2) Any attorney who charges, demands, receives, or collects for services rendered in connection with proceedings before a court to which paragraph (1) is applicable any amount in excess of that allowed by the court thereunder shall be guilty of a misdemeanor and upon conviction thereof shall be subject to a fine of not more than $ 500, or imprisonment for not more than one year, or both.

"Fees under § 406(b)(1)(A) are awarded from past-due benefits withheld from the claimant by the Commissioner." *Pendland v. Comm'r of Soc. Sec.*, 2011 U.S. Dist. LEXIS 118602 (S.D. Ohio Sept. 20, 2011) (*citing Gisbrecht v. Barnhart*, 535 U.S. 789, 792, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002)). "The Court may award fees only for work performed before the Court and not before the Social Security Administration." *Id*. (*citing Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc)).

## III. Analysis

Margolius represents that she performed 13.05 hours of work before this Court for

2

Plaintiff.² (ECF No. 24.) Margolius requests $5,220.00 in attorney fees to be paid from Plaintiff's past due benefits – a rate of $400.00 per hour. (ECF No. 24.) The Commissioner does not object. (ECF No. 25.) This Court, however, must review whether the requested fee is reasonable. *See, e.g., McCann v. Comm'r of Soc. Sec.*, 2012 U.S. Dist. LEXIS 54304 (S.D. Ohio 2012); *Cabrera v. Comm'r of Soc. Sec.*, 2011 U.S. Dist. LEXIS 105924 (S.D. Ohio Sept. 19, 2011) ("[E]ven in a case where the government has filed no response to the fee petition, [d]espite the absence of an objection . . . a District Court must review each case to determine the amount of a reasonable fee, and clearly state the basis for its determination.") (internal quotations omitted).

According to a letter from the Social Security Administration ["SSA"], it "usually withhold[s] 25 percent of past due benefits in order to pay the approved lawyer's fee. We withheld $6,000.00 from your past due benefits in case we need to pay your lawyer." (ECF No. 24-1.) Based on the SSA's withholding, it appears that Plaintiff's past due benefits totaled $24,000.00. Margolius requests an additional $5,220.00 in fees for work performed before this Court. The two fee awards combined would constitute nearly forty-seven (47) percent of Plaintiff's past due benefits. Nonetheless, the Sixth Circuit has held that the 25 percent cap in §406(b) applies only to work performed before a district court, and is inapplicable to separate awards made by the SSA pursuant to 42 U.S.C. § 406(a). *See Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) ("[I]n cases where the court remands the case back to the Secretary for further proceedings, the court will set the fee--limited to 25 percent of past-due benefits--for the work performed before it, and the Secretary will award whatever fee the Secretary deems reasonable for the work performed on remand and prior administrative proceedings."); *accord Campbell v. Astrue*, 2009 U.S. Dist. LEXIS 65264 at *10 (E.D. Ky. July 28, 2009) (rejecting the Commissioner's argument that attorney fee awarded under § 406(b) had to be reduced by any fee awarded by the SSA under § 406(a) so that the aggregate fee paid by

---

² In her EAJA application, Margolius requested $1,943.75, a rate of $125 per hour for 15.5 hours of work. (ECF No. 21.) Curiously, the amount of time requested herein is less. Nonetheless, the reduction operates in Plaintiff's favor.

3

the claimant did not exceed twenty-five percent of past-due benefits.); *Karadsheh v. Comm'r of Soc. Sec.*, 2011 U.S. Dist. LEXIS 124004 (W.D. Mich. Sept. 26, 2011) ("While the SSA typically withholds 25% of the past-due benefits for payment of attorney fees, separate attorney fee awards are made under § 406(b) for work performed before the administrative agency and for work performed in the federal court.")

Thus, while the amount awarded by SSA under § 406(a) is irrelevant in determining the reasonableness of a fee request, an award of 25 percent is not *per se* reasonable. *See, e.g., Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) ("While we use [the 25 percent cap] as a starting point for the court's analysis, we emphasize that it is not to be viewed as *per se* reasonable."); *Honaker v. Astrue*, 2008 U.S. Dist. LEXIS 89769 (N.D. Ohio 2008). Here, Plaintiff executed a contingency fee agreement whereby counsel's recovery is limited to the *lesser* of twenty-five (25) percent of her past due benefits *or* $5,300.00 *unless* her claim is appealed to federal court. (ECF No. 24-2.) "When two parties enter into such an arm's length agreement, due deference should be given to this expression of the intentions of the parties. However under the special circumstances of court authorization of fees in social security cases, a court is not bound to award recovery according to the stated agreement." *Rodriquez*, 865 F.2d at 746. Nonetheless, there is "a rebuttable presumption that an attorney would receive the full 25% contingency fee under contract unless 1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Sec'y of HHS*, 923 F.2d 418, 419 (6th Cir. 1990).

Certainly, there is no hint of improper conduct herein and counsel was quite effective. As such, unless the amount requested constitutes a windfall, the Court will enforce the contingency agreement. "In the Sixth Circuit, below a floor of double the normal rate, an award can never be a windfall." *Bailey v. Comm'r of Soc. Sec.*, 2012 U.S. Dist. LEXIS 25091 (N.D. Ohio Feb. 28, 2012) (*citing Hayes*, 923 F.2d at 422.) Margolius acknowledges that standard hourly rates in Social Security cases range between $75 to $150 an hour. The award she now requests would be more than double the upper end of this range. Nonetheless, this amount will

4

effectively be reduced when Margolius returns the EAJA award of $1,943.75 to Plaintiff. Although attorneys in social security actions may seek an award under both the EAJA and under § 406(b), they are prohibited from collecting both in the same case. *See Tharp v. Comm'r of Soc. Sec.*, 2011 U.S. Dist. LEXIS 86804 at *21 (S.D. Ohio, Aug. 5, 2011) (*citing Jankovich v. Bowen*, 868 F.2d 867, 870 (6th Cir. 1989)). "In the situation of dual entitlement, the attorney must refund the amount of the smaller fee to the claimant." *Id*. Essentially, Plaintiff will be paying Margolius $3,276.25 for representation before this Court – a rate of approximately $251 per hour for 13.05 hours of work. This sum is not more than double the standard rate and, therefore, does not constitute a windfall.

### IV. Conclusion

The Court hereby approves counsel's request for attorney fees in the amount of $5,220.00 from Plaintiff's past due benefits. Plaintiff's counsel is further ordered to refund $1,943.75 to Plaintiff – the amount previously awarded for attorney fees under the EAJA.

IT IS SO ORDERED.

s/ Greg White  
United States Magistrate Judge

Dated: May 4, 2012